IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE L. VALENCIA,

    Plaintiff,                    No. CIV S-12-0068 GEB DAD PS

    v.

US BANK NATIONAL ASSOCIATION, et. al,    FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

        Plaintiff Jose Valencia, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that make the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is

1

based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, although plaintiff's complaint does contain a short and plain statement of the grounds upon which this court's jurisdiction depends, that statement alleges that the "California Superior Court has jurisdiction over this action pursuant to California original jurisdiction in . . . this case, which presents California state law claims . . ." (Compl (Doc. No. 1) at 4.) In this regard, plaintiff's complaint asserts purely state law claims. (Id. at 1.)

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511

1  U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1]  "Federal courts are
2  presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"
3  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch.
4  Dist., 475 U.S. 534, 546 (1986)).

5  Lack of subject matter jurisdiction may be raised by the court at any time during
6  the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th
7  Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it]
8  has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It
9  is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux
10 v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court
11 cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

12 The burden of establishing jurisdiction rests upon plaintiff as the party asserting
13 jurisdiction. Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)
14 (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,
15 implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy
16 within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)
17 (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly
18 insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of
19 jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even
20 "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter
21 jurisdiction . . . and may be dismissed sua sponte before service of process.").

22 The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which
23 confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also

---

[1] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution. U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

be conferred by federal statutes regulating specific subject matter. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Most federal-question jurisdiction cases are those in which federal law creates a cause of action. A case may also arise under federal law where 'it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)). The "well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000).

"'Arising under' federal jurisdiction only arises . . . when the federal law does more than just shape a court's interpretation of state law; the federal law must be *at issue*." Int'l Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009). The mere presence of a federal issue does not automatically confer federal-question jurisdiction, and passing references to federal statutes do not create a substantial federal question. Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003); Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996). "When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains, 80 F.3d at 346. See also Lippitt, 340 F.3d at 1043.

Here, plaintiff's complaint alleges that he purchased a home in Tracy, California in October of 2004, by taking out two mortgage loans. In March 2010 a Notice of Default on the loans was issued. Plaintiff alleges fourteen separate causes of action against the defendants involved in various aspects of his mortgage loan, home purchase and foreclosure proceedings. However, all fourteen causes of action allege only violations of California law. Plaintiff's complaint does not allege a single cause of action grounded on any alleged violation of federal

law and there is no substantial, disputed question of federal law to be resolved in order to determine the merits of any of plaintiff's claims. Plaintiff's complaint does not allege any claims over which this court has original jurisdiction, but rather alleges only purely state law claims.

A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity. Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)). Here, the undersigned will recommend that the assigned district judge decline to exercise supplemental jurisdiction over plaintiff's state law claims.

The undersigned has carefully considered whether plaintiff may further amend his complaint to establish a jurisdictional basis for proceeding in federal court and to state a cognizable federal claim upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the nature of the allegations and the deficiency noted above, the undersigned finds that it would be futile to grant plaintiff leave to file an amended complaint.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 10, 2012, application to proceed in forma pauperis (Doc. No. 2) be denied;

  2. The complaint filed January 10, 2012 (Doc. No. 1) be dismissed for lack of jurisdiction;

  3. The court decline to exercise supplemental jurisdiction over plaintiff's state law claims; and

  4. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within seven days after service of the objections.

DATED: April 20, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\valencia0068.ifp.f&rs